RUSSELL SHERIDAN BABCOCK
California Bar No. 99130
LAW OFFICE OF RUSSELL S. BABCOCK
1901 First Avenue, First Floor
San Diego, California 92101
russbab@gmail.com
(619) 531-0887

Attorney for Serena Connelly,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# HONORABLE TODD W. ROBINSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:21-CR-0719-TWR-001 |
| Plaintiff, | Date: March 4, 2022<br>Time: 9:00 a.m. |
| v. | |
| SERENA CONNELLY, | SENTENCING MEMORANDUM |
| Defendant. | |

## I.
## STATEMENT OF CASE

On March 5, 2021 a one-count information was filed in the Southern District of California charging Serena Connelly with 21 U.S.C. §§ 952 and 960, "Importation of Methamphetamine." On October 22, 2021, Ms. Connelly pled guilty as charged.

## II.
## SUMMARY SENTENCING RECOMMENDATION

Based upon the criteria enumerated under 18 U.S.C. § 3553(a) and for the reasons advanced in this memorandum below, the defendant respectfully requests this court impose a sentence of **no more than one year and a day to serve in custody.** Defense

1  **requests that this court consider sentencing alternatives such as home confinement,**
2  **a split sentence, and community service work in lieu of custody.**

### III.

### BACKGROUND

The offense conduct, along with the defendant's statement, is accurately summarized in the Pre-Sentence Report ("PSR".)

For lack of a better term, Serena committed the present offense when a "perfect storm" of personal issues converged upon her. She had recently left an abusive relationship and moved down to San Diego, a community where she had never lived before. Serena discarded almost every norm she had learned. She fought an internal rebellion against her strict religious upbringing and began using alcohol and marijuana heavily. She became very masochistic, as documented in the report of Dr. Reavis–what he calls "textbook masochism."

And so Serena was not match for the co-worker who recruited her to go to Mexico. Not caring about her life or future, she agreed to go to Mexico and lend her co-worker a car for a nefarious purpose. But what naive Serena didn't realize was that it was she who would carry out the illegal activity and ultimately pay the price—what attorney Sam Coleman called in his reference letter "The Spider and the Fly." (Exhibit B.)

And unlike almost every drug mule, Serena had never driven into Mexico before and had only been to the Mexican coast one time before with her parents in a cruise ship. She had also only moved to San Diego recently. Therefore, she had much less knowledge of the potential dangers of driving a car across the border into Mexico. This coupled with her unusually naive upbringing and blind trust in others made her perfect prey for the Spider.

Even though Serena truly didn't know that drugs were in the car, she has

accepted responsibility under the theory articulated in the *Jewell* decision. This case has forever changed Serena but at the least she should go forward in life with a much better sense of the dangers of blindly trusting individuals whom she hardly knows.

### IV.

### THE DEFENDANT RESPECTFULLY REQUESTS A TWO LEVEL DOWNWARD ADJUSTMENT UNDER USSG 3B1.2(B) FOR MINOR ROLE.

**A.** **Applicable Law**

Section 3 B1.2 of the United States Sentencing Guidelines provides that a defendant's offense level shall be decreased if the person's role in the offense was minor. The guidelines specifically require courts to make individual fact-based determinations in each case. (USSG § 3B1.2 comment (backg'd).)

In § 3B1.2, the Sentencing Commission did not institute a unitary, 2-level reduction for a one-size-fits-all mitigated role. It specifically provided for a 4-level reduction for minimal participants at the lowest level of culpability, an intermediate level of a 3-point reduction for those whose role falls between minimal and minor, and only then a 2-level minor role reduction.

In deciding whether a defendant's conduct in the underlying offense should be viewed as minimal, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise should be considered. (USSG § 3B1.2 comment (n.4).) A 2-level reduction for minor role should be implemented when a defendant is less culpable than most other participants, but whose role could not be described as minimal. (USSG § 3B1.2 comment (n.5).)

**B.** **Argument**

Counsel will not belabor role reduction because the government also believes that

- 3 -

1 this reduction is appropriate. Ms, Connelly is well-deserving of a role reduction for the
2 reasons discussed in the probation report.
3     It is undisputed that this was the first time Serena crossed a vehicle into Mexico
4 and the first time she had ever been to a Mexican border town. She did not have an
5 economic interest in the eventual sale of these drugs and was not part of a DTO. She
6 plead under a theory of "Jewell," and there is no reason to believe she actually knew
7 there were drugs in the car, although all the road signs were there and she chose to ignore
8 them.
9     The government concurs that a role related adjustment is appropriate. For the
10 above reasons, defendant will not further argue the role related adjustment and submit
11 on the recommendation of probation, the government, and the defense.

            **IV.**

**A SENTENCE OF   NO MORE THAN ONE YEAR AND ONE ILL RESULT IN A SUFFICIENT BUT NOT GREATER THAN NECESSARY SENTENCE UNDER U.S.C. 3553(a)**

    A.    <u>The sentencing framework</u>:

    Under 18 U.S.C. § 3661 "No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

    B:    <u>Sentencing Goals</u>:

    Under 18 U.S.C. § 3582(a) the court is directed to consider certain factors to determine the appropriate punishment, "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." <u>Id</u>. Under 18 U.S.C. §

- 4 -

3553(a) the court is directed to impose a "sentence sufficient, but not greater than necessary to comply with purposes [of sentencing]." Taken together §§ 3582(a) and 3553(a) reflect a clear Congressional preference for the least possible sentence, and for appropriate alternatives to incarceration.

C: <u>Statutory Factors Under 18 U.S.C.3553</u>

The Congressional mandate of 18 U.S.C. § 3553, "sentencing criteria" provides in pertinent part:

> (a) Factors to be considered in imposing sentence.-
> the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
>     (1) the nature and circumstances of the offense and the history and characteristics of the offense and the history and characterization of the defendant;
>     (2) the need for the sentence imposed-
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     © to protect the public from further crimes of the defendant; and
>     . . . . .
>     (6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct;

1. <u>Nature and Circumstances of Offense and Offender</u>

    a.    <u>The Offense</u>

On its face, the crime is unremarkable in the quantity of drugs. What is remarkable is that Serena did not actually know there were drugs in her vehicle.

b.  The History and Characteristics of Serena Connelly

Serena is an atypical offender and unusual young woman.  The excellent psychological report of Dr. Reavis (attached) gives the court a window into Serena more thorough than the court almost ever receives in drug mule cases.

Counsel will not be repetitious but only stress Serena's very trusting, masochistic and dependent behavior; Serena's total lack of knowledge of border crimes and the dangers of border crossings, and the depression that had crept into Serena's life.  The act that Serena committed is completely antithetical to her values inculcated by her strict, religious family.  It is fortunate that Serena's family has chosen to continue to support her despite their shock and horror at her present situation.

This is a case of quintessential "aberrant behavior."  And in the long times he has been on pre-trial release, she has not had one single dirty UA or misstep.

### 2. Just Punishment

Just punishment castigates an individual but does not have the goal of breaking them. Serena is young, frail, attractive, demure, and a continued target for the "Spiders" that lurk in the jail.  Custody time exposes her to dangers not experienced by most offenders. Thus, this court should consider alternatives.

### 3. Similar Situated Defendants Served Program

While the defense's proposes sentence is lower than the sentence many first time border mules receive, it is supported by the above facts and is "sufficient but not greater than necessary." under the totality of the circumstances.  There are even some border mules that have received probationary sentences.  Ms. Connelly entered into a *Jewell* plea and honestly did not know that she had drugs in her vehicle though she chose to turn a

- 6 -

1 blind eye to the situation    Her mens rea is much lower than many drug mules engaged in
2 similar conduct.  Section 3553 teaches us that jail time is not a "one-size-fits-all
3 punishment" for all crimes.

### 4. Deterrence and Protection of the Public

Of course, Serena will never do this again. There is no reason that the public needs to be protected from her.

///

## IV.
## CONCLUSION

Defense counsel cannot state it any better than Dr. Reavis.

> Why did Ms. Connelly, a hyper-moral, deeply religious, rigid, self-denying woman commit this crime? Because her intrapsychic world evidenced a kind of tropism toward self-blame and self-punishment. Because she did not 'handle well' the relationship dysfunction and acrimony with her boyfriend. Because she was convinced that she had failed, and was unable to extricate herself from what was almost certainly intense and inexorable self-denigration. Because she likely felt that she had to manifest her self-hatred and 'badness' in behavioral form, this eventuated in sexual promiscuity, substance abuse and felonious criminal activity.

(Psych Report of Dr. Reavis, p. 22.)

If the court only had to think about Ms. Connelly, the punishment she has suffered to date has been sufficient She has felt so ashamed in having to share the facts of this case with her family.  Her life, job, future plans have been uprooted due to this one serious mistake in an otherwise blameless life.

Probation should have the discretion to impose conditions upon Serena that include complete alcohol abstinence and psychological counseling as necessary.  This sentencing hearing is undoubtedly the last that this court will see of Ms. Connelly.

For the foregoing reasons, Serena Connelly,  respectfully requests that court impose a sentence of no more than one year and a day custody and that the court consider custody alternatives such as home condiment and community service work.  Considering the section 3553 criteria, this sentence is sufficient but not greater than necessary to achieve the sentencing goals.

Dated: March 1, 2022                    BY:    /s/ Russell S. Babcock  
                                               Russell S. Babcock  
                                               Attorney for Connelly